NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| DAVID ROBERSON, | ) |
| Petitioner, | ) No. 0:11-CV-00038-HRW |
| V. | ) |
| | ) **MEMORANDUM OPINION** |
| MICHAEL SEPANEK, *Warden*, | ) **AND ORDER** |
| Respondent. | ) |

\*\* \*\* \*\* \*\* \*\*

David Roberson, currently confined in the Federal Correctional Institution located in Oxford, Wisconsin ("FCI-Oxford"),[1] has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his prison disciplinary conviction which resulted in the loss of Good-Conduct-Time Credits ("GCTC").

As Roberson has paid the $5.00 filing fee, the Court reviews the § 2241

---

[1]

When Roberson filed this proceeding in 2011, he was confined in the Federal Correctional Institution located in Ashland, Kentucky. Roberson has not notified the Court of a new address, but as of February 16, 2012, the Bureau of Prisons' ("BOP") official website listed Roberson's current place of confinement as FCI-Oxford. *See* www.bop.com., ("Inmate Locator" feature).

Roberson's subsequent transfer to FCI-Oxford did not deprive this Court of jurisdiction over his § 2241 petition. When a petitioner files a habeas petition in the district in which he is confined, and is then transferred to another district, the transfer does not destroy the jurisdiction of the district court in which he originally filed his § 2241 petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *White v. Lamanna*, 42 F. App'x. 670, 671 (6th Cir. 2002). Further, when Roberson filed this § 2241 petition, J.C. Holland was the Warden of FCI-Ashland. Michael Sepanek is now the Warden of FCI-Ashland, he will be substituted as the Respondent to this proceeding in place of Holland.

petition to determine whether, from the face of the petition and any exhibits attached to it, he is entitled to relief. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)); *see, e.g., Patton v. Fenton, 491 F.Supp.* 156, 158-59 (M.D. Pa.1979); *see also* 28 U.S.C. § 2243. If it appears from the face of the § 2241 petition that relief is not warranted, the Court may summarily dismiss the petition. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Roberson alleges that the Disciplinary Hearing Officer ("DHO") who found him guilty of committing a prison infraction denied him of his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution. The DHO convicted Roberson of the charged disciplinary offense, disallowed 14 days of GCTC, and imposed other institutional sanctions. Roberson seeks the expungement of the disciplinary conviction and the reinstatement of his forfeited GCTC. As explained below, the Court determines that Roberson is not entitled to relief under § 2241. His petition will be denied and this proceeding will be dismissed.

## ALLEGATIONS OF THE PETITION
### 1. Disciplinary Charge, Conviction, and Appeal

In September 2009, Roberson was serving his federal sentence in the Federal Correctional Complex located in Terre Haute, Indiana ("FCC-Terre Haute"). On

2

September 7, 2009, FCC-Terre Haute Correctional Officer/Camp Officer "J." Head filed an Incident Report charging Roberson with a disciplinary infraction, "Being in an Unauthorized Area," a violation of BOP Code 316.[2] See Incident report, D. E. No. 2-2. Head stated in the Incident Report that at 5:30 a.m. that same morning, the reservation patrol notified him over the radio that an inmate was running in the field west of the camp behind the garage; that he (Head) went to the area and observed Roberson walking toward him on the north side of the garage; that he commanded Roberson to stop and turn around with his hands behind his back; and that Roberson complied with his command. [*Id.*]. Camp Officer Head applied restraints and the other Camp Officer took Roberson to the Lieutenant's office.

After the disciplinary hearing transpired at FCC-Terre Haute on October 8, 2009, "B." Auterson, the presiding DHO, prepared a DHO Report in which he found Roberson guilty of committing the Code 316 offense, *see* D. E. No. 2-1, pp. 1-2, ("the Original DHO Report"). In the Original DHO Report, Auterson noted that Roberson had declined a staff representative, appeared at the hearing, and gave a statement on

---

[2] The various levels of BOP offenses are set forth in 28 C. F. R. § 541.13, Table 3. The most serious offenses ("Greatest Category") are listed in Code Nos.100-199; the next level of offenses ("High Category") are listed in Code Nos. 200-299; the next level of offenses ("Moderate Category") are listed in Code Nos. 300-399; and the final and lowest level of offenses ("Low Moderate Category") are listed in Code Nos. 400-499.

3

his own behalf, which Auterson summarized as follows:

> "I was out there. I was getting ready to line the baseball field. I heard dogs barking so I started to run. Perimeter saw me and they came and got me."

[D. E. No. 2-1, p. 1].

In addition to the Incident Report, Auterson stated that he considered a September 7, 2009, Memorandum from "T." Vangilder, Senior Officer Specialist at FCI Terre Haute, Indiana, in which Vangilder stated "On Sunday, September 7, 2009, at approximately 5:30 a.m., I observed a black male running in the field west behind the camp garage." [*Id.*, p. 2].[3] Auterson stated that he also considered the "Daily Lieutenant's Log" from September 7, 2009, which showed that the 5:00 a.m. official count was "cleared" at 5:45 a.m, *id.*, indicating that the prison staff did not complete the process of taking an official head count of all prisoners until 5:45 a.m. that day.

Auterson concluded that based on the greater weight of the evidence, Roberson had not been in his assigned area on September 7, 2009, prior to staff completing the official head count, and he therefore found Roberson guilty of "Being in an Unauthorized Area" on that date. Auterson explained that when inmates move to unauthorized areas, they interfere with the staff's ability to accurately account for all

---

[3] The BOP's website lists Roberson as 31-year old black male. *See* www.bop.com., ("Inmate Locator" feature).

4

inmates and disrupt the orderly running of the institution. [*Id.*]. In addition to forfeiting fourteen days of GCTC, Roberson lost commissary, phone, and visiting privileges for sixty days.

Roberson appealed the disciplinary conviction to the BOP's Mid-Atlantic Regional Office ("MARO"). On June 18, 2010, the MARO denied Roberson's BP-11 appeal. [D. E. No. 2-3, p. 2]. The MARO stated that the DHO must base his decision on "some facts," but explained that if conflicting evidence exists, he must base his decision on the greater weight of the evidence. [*Id.*]. The MARO determined that in Roberson's case, the DHO had sufficient evidence, *i.e.*, the reporting officer's statement and supporting documentation, on which to base the disciplinary conviction. The MARO did, however, amend the DHO report to provide Roberson with "a more specific description of the evidence" upon which the DHO relied in finding him guilty of committing the BOP Code 316 offense. [*Id.*].

The fourth paragraph of the DHO's response in Section V of the Original DHO Report, "Specific Evidence Relied on to Support Findings," stated as follows

> The DHO considered a copy of the Lieutenant's Log dated September 7, 2009, which reflects the 5:00 a.m. official count was cleared at 5:45 a.m.

[D. E. No. 2-1, p. 2].

The Amended DHO Report is dated May 19, 2010. [D. E. No. 2-4, pp.1- 2].

5

It contains the same information as the Original DHO Report, but the following information, identified in bold print, was added to the fourth paragraph of the DHO's response in Section V:

> The DHO considered a copy of the Lieutenant's Log dated September 7, 2009, which reflects the 5:00 a.m. official count was cleared at 5:45 a.m. **Inmate Roberson has been incarcerated since 2008 and has been through numerous counts . Count is conducted daily at the same time. This specific count is the one that the inmate is required to be in his assigned area. After experiencing numerous daily counts, the inmate is fully aware and responsible for being in his assigned unit until the count is officially cleared**.

[D. E. No. 2-4, p. 2] (Emphasis added).

Roberson appealed to the BOP Central Office. On January 3, 2011, the BOP Central Office denied Roberson's BP-11, finding that the DHO's decision was based on the greater weight of the evidence and that the FCC-Terre Haute staff had substantially followed required disciplinary procedures. [D. E. No. 2-5, p. 2]. The Central Office also concluded that Roberson admitted that he had committed the Code 316 offense. [*Id.*].

### 2. Claims Asserted in the § 2241 Petition

Roberson alleges that the evidence on which the DHO based his decision did not constitute the "greater weight" of the evidence; that the MARO's amendment of the Original DHO Report is proof that Original DHO Report was an inadequate

6

statement of the evidence on which the DHO relied in finding him guilty; and that the Amended DHO Report does not correct the inadequacy which the MARO noted.

## DISCUSSION

Roberson's claim that insufficient evidence existed to support his conviction lacks merit. Roberson stated at the DHO hearing that at 5:30 a.m. on the morning of September 7, 2009, he was in on or near the baseball field, "getting ready to line the baseball field." Notably, Roberson did not state to the DHO either that he had been present until the 5:00 a.m. head count had concluded that day, or that he had been granted permission to be at the baseball field at that time on that date. Regardless, Roberson's statement at the DHO hearing substantiated both Camp Officer Head's Incident Report and Senior Officer Specialist Vangilder's Memorandum, in which both wrote that at 5:30 a.m. on September 7, 2009, they saw a black male "running in the field west behind the camp garage."

Pursuant to *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985), a disciplinary conviction must be upheld as consistent with due process as long as there is "some evidence" to support the decision. *Id.* at 454-55. "Some evidence," as its name suggests, is a lenient standard. *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A district court has no authority either to review the resolution of factual disputes in a disciplinary decision or to weigh the credibility of the witnesses under

the guise of due process. Rather, a district court merely ensures that the disciplinary decision is not arbitrary and does have evidentiary support. *Superintendent*, 472 U.S. at 457. Even meager proof is sufficient under the "some evidence" standard. *Webb*, 224 F.3d at 652.

Both the Incident Report and Vangilder's Memorandum constituted "some evidence" that at 5:30 a.m. on September 7, 2009, Roberson was in an unauthorized area of the FCC-Terre Haute compound. As the Original DHO Report stated, the 5:00 a.m. head count procedure did not conclude until 5:45 a.m. on September 7, 2009. On that date, Roberson was found running in an area of the prison compound at 5:30 a.m., fifteen minutes *before* the head count process concluded at 5:45 a.m.

Given those facts, the DHO logically concluded that on September 7, 2009, Roberson had left his designated area before the 5:00 a.m. head count officially ended at 5:45a.m., and that Roberson had been in an area of the prison compound without authorization at 5:30 a.m. on that date. *Superintendent v. Hill* requires only "some evidence" of guilt to sustain a disciplinary conviction, not evidence which is one hundred percent conclusive of guilt.

It is true that with respect to the Lieutenant's Daily Log from September 7, 2009, the Original DHO Report stated only that the 5:00 a.m. official head count of prisoners was "cleared," or ended, at 5:45 a.m. The Original DHO Report did not

8

state that because Roberson had been in custody for a year as of September 2009, the knew or should have known that he had to be present in his designated area until the 5:00 a.m. head count officially ended, nor did it state that Roberson was not allowed to leave his designated area until the 5:00 a.m. head count had officially ended.

The fact that the DHO omitted those statements from the original DHO Report, and the fact that they were later added to the Amended DHO Report, does not mean that the Original DHO was constitutionally defective, that it deprived Roberson of his right to due process or law, or that Roberson was in fact innocent of "Being in an Unauthorized Area" in violation of BOP Code 316. The DHO's failure to include those statements in the Original DHO Report was an error, but only a harmless error.

Procedural errors in the prison discipline process are subject to a "harmless error" analysis. *Elkins v. Fauver*, 969 F.2d 48, 53 (3d Cir.), *cert. denied*, 506 U.S. 977 (1992); *Hernandez-Severio v. DeRosa*, No. Civ.A. 03-2336(RBK), 2005 WL 2237700, at *5 (D.N.J. September 13, 2005); *Hollawell v. Lehman*, No. CIV.A. 94-6323, 1995 WL 447470 (E.D. Pa. July 27, 1995), *aff'd*, 96 F.3d 1433 (3d Cir. 1996).

This Court applied the "harmless error" analysis when a DHO failed to explain as precisely as he could have in his disciplinary report whether he relied on written witness testimony or live testimony in reaching his decision, and determined that the DHO's lack of precision and clarity in his report constituted only harmless error

9

which did not warrant setting aside the prisoner's disciplinary conviction and sanction. *See Hatch v. Wilson*, No. No. 09-CV-109-GFVT, 2009 WL 2877222, at *8 (E.D. Ky., September 3, 2009). Here, the same result obtains concerning the statements later added to the Amended DHO Report.

The DHO already had "some evidence" on which to conclude that on September 7, 2009, at 5:30 a.m., Roberson was in unauthorized area of the FCC-Terre Haute compound. As the MARO explained, the statements later added to the Amended DHO report merely explained to Roberson, or reminded him, that he either knew or should have known that he was not permitted to leave his assigned area until the 5:00 a.m. head count had officially ended. The added statements did not create new grounds of guilt but instead reinforced why the DHO correctly concluded in the Original DHO Report that Roberson had violated BOP Code 316.

In summary, Roberson's disciplinary conviction of the BOP Code 316 offense was supported by "some" evidence as required by *Superintendent v. Hill*. The greater weight of the evidence establishes that Roberson was not allowed to leave his designated area until the 5:00 a.m. head count process ended; that on September 7, 2009, the head count process did not end until 5:45 a.m.; that at 5:30 a.m. on that date, Roberson was observed running elsewhere on FCC Terre-Haute compound, and that at his disciplinary hearing, Roberson admitted that on that date, he had been on

the prison baseball field at 5:30 a.m., when prison officials saw him there.

Roberson's Fifth Amendment due process rights were not violated. The DHO's conviction and sanction will not be set aside, Roberson's GCTC will not be reinstated, his § 2241 petition will be denied, and this action will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Michael Sepanek, Warden of FCI-Ashland, is **SUBSTITUTED** as the Respondent to this proceeding in place of J.C. Holland, and the Clerk of the Court shall modify the CM/ECF cover sheet to designate Sepanek as the Respondent;

(2) Petitioner David Roberson' 28 U.S.C. § 2241 petition for writ of habeas corpus, [D. E. No. 2], is **DENIED**;

(3) This action will be **DISMISSED**, *sua sponte,* from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent; and

(4) The Clerk of the Court shall

    (a) note the FCI-Oxford address listed below as an additional address for Roberson, and

    (b) send a copy of this Memorandum, Opinion and Order, and attached Judgment, to Roberson at his address currently listed of record in this case

**and** to the FCI-Oxford address listed below:

David Roberson,
BOP Register No. 09081-089
FCI- Oxford
Federal Correctional Institution
P.O. Box 1000
Oxford, Wisconsin 53592

This 27th day of February, 2012.



Signed By
Henry R. Wilhoit, Jr.
United States District Judge